[Cite as *In re A.S.*, 2013-Ohio-4019.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| A.S., V.S., and Z.S. | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| | : | |
| | : | Case No. 13 CAF 05 0041 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:            Appeal from the Court of Common
                                    Pleas, Juvenile Divison, Case Nos.
                                    11-01-0070AB, 11-01-0071AB, and
                                    11-01-0072AB

JUDGMENT:                           Affirmed

DATE OF JUDGMENT:                   September 11, 2013

APPEARANCES:

For Oral Slaven                     For DCDJFS

O. ROSS LONG                        KATHERYN L. MUNGER
125 North Sandusky Street           140 North Sandusky St., 3rd Floor
Delaware, OH  43015                 Delaware, OH  43015

For Kitty Slaven                    Guardian ad Litem

PAMELLA A. LAMMON                   CELESTE M. BRAMMER
103 North Union Street, Suite D     13290 Centerburg Road
Delaware, OH  43015                 Sunbury, OH  43074

*Farmer, J.*

{¶1}   On January 19, 2011, appellee, the Delaware County Department of Job & Family Services, filed a complaint for temporary custody of A.S. born May 24, 2006, V.S. born May 24, 2006, and Z.S. born April 14, 2009, alleging the children to be neglected and dependent.  Father of the children is appellant, Oral Slaven; mother is Kitty Slaven.  Following a shelter care hearing, the trial court placed the children in appellee's temporary custody on January 24, 2011.  By judgment entry filed April 15, 2011, the trial court adjudicated the children dependent and granted temporary custody to relatives.  The children were eventually returned to appellee's temporary custody in July 2011 (A.S. and V.S.) and December 2012 (Z.S.).

{¶2}   On July 26, 2012 (A.S. and V.S.) and January 16, 2013 (Z.S.), appellee filed motions for permanent custody of the children based upon the parents' failure to comply with the case plan.  A hearing commenced on March 26, 2013.  By judgment entry filed April 12, 2013, the trial court granted permanent custody of the children to appellee.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS WHEN IT DENIED HIS REQUEST FOR A CONTINUANCE OF THE TRIAL ON THE DELAWARE COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (HEREINAFTER DCDJFS) MOTION OF PERMANENT CUSTODY."

II

{¶5} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT ADDRESS WHETHER THE DCDJFS HAD MADE REASONABLE EFFORTS TO RETURN THE CHILDREN SAFELY HOME WITH EITHER PARENT."

III

{¶6} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THAT THE CHILDREN COULD NOT BE PLACED WITH THEIR MOTHER WITHIN A REASONABLE PERIOD OF TIME AFTER THE TRIAL ON THE DCDJFS'S MOTION FOR PERMANENT CUSTODY."

IV

{¶7} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THAT THE CHILD, [Z.] S. DID NOT NEED TO BE IN THE CUSTODY OF THE DCDJFS FOR 12 OUT OF 22 CONSECUTIVE MONTHS PRIOR TO THE DCDJFS FILING A MOTION FOR PERMANENT CUSTODY RELATED TO [Z.] S."

V

{¶8} "THE APPELLANT FATHER WAS NOT AFFORDED A FAIR AND IMPARTIAL TRIAL DUE TO THE OBVIOUS BIAS AND PREJUDICE OF THE GUARDIAN AD LITEM."

VI

{¶9} "THE TRIAL COURT IMPROPERLY CONSIDERED THE TESTIMONY AND REPORT OF THE GUARDIAN AD LITEM BECAUSE THE GUARDIAN AD LITEM FAILED TO FOLLOW THE REQUIREMENTS OF SUPERINTENDENCE RULE 48 OF THE OHIO RULES OF SUPERINTENDENCE."

I

{¶10} Appellant claims the trial court erred in denying his motion for a continuance of the permanent custody hearing. We disagree.

{¶11} We note appellant was the only party to file a written motion for a continuance, filed on March 25, 2013. At the commencement of the trial, mother orally joined in on the motion. T. at 7. Without stating reasons, the trial court denied the motion. T. at 10.

{¶12} Appellant argues his continuance request should have been granted because mother's criminal disposition was unknown at the time of the hearing and her status as to incarceration reflected on the outcome of the case. Appellant also argues his criminal conviction was being appealed.

{¶13} Appellant is currently serving a prison term of fifty-eight years for six counts of rape and three counts of gross sexual imposition involving an older step-sibling of the children. Appellant was sentenced on July 30, 2012.

{¶14} Based upon our reasoning in mother's appeal, Case No. 13 CAF 05 0040, which is hereby incorporated by reference, we find the trial court did not abuse its discretion in denying appellant's motion for a continuance.

{¶15} Assignment of Error I is denied.

II, III, IV

{¶16} Appellant incorporated by reference the arguments raised on behalf of mother in Case No. 13 CAF 04 0040. We hereby incorporate by reference our reasoning and decision therein, and note because of appellant's fifty-eight year term of incarceration, the use of any reasonable efforts to involve him in the case plan would

have been futile. The overwhelming evidence clearly mitigated against appellant's involvement in the rearing of his children as he was found guilty of sexually abusing the children's step-sibling in his care. R.C. 2151.414(E)(5), (7)(d), and (12).

{¶17} Assignments of Error II, III, and IV are denied.

V, VI

{¶18} Appellant claims he was not afforded a fair hearing because of the guardian ad litem's bias and prejudice and the guardian's failure to follow the mandates of Sup.R. 48. We disagree.

{¶19} The guardian ad litem was permitted to testify as to her interaction with the family in a 2008 case which was closed in 2010, "if there are matters persisting [in the current case] that she relates back to the prior case." T. at 179-180. The guardian offered that if appellant's appeal of his criminal convictions was granted, he would have to be involved in a case plan. T. at 186. However, it was the guardian's opinion that appellant "could be a risk to the children." *Id.* The guardian has had interaction with the children and opined that at this point, they need stability and consistency. T. at 189. They need to "be given that opportunity to live a normal childhood without being concerned about what-ifs." T. at 190.

{¶20} Appellant's counsel cross-examined the guardian on her "dislike" of appellant (T. at 193):

Q. Isn't it a fact that you just really dislike Mr. Slaven and that your report is based upon your extreme dislike of Mr. Slaven and that's why you

didn't bother to go out and talk to the parent, the father, the natural father of these children?

A. I don't like or dislike him. That's not the point. And, in fact, you said that I had a responsibility to the father. I disagree. My responsibility is to the children.

{¶21} Sup.R. 48 covers the various responsibilities of a guardian ad litem, including meeting and visiting with the parents. The guardian did not interview appellant, but testified to brief discussions with appellant and his first attorney in the courtroom, and appellant's lengthy incarceration. T. at 190-195. The guardian testified a full in-depth interview was not practical given the length of appellant's term of incarceration. T. at 191, 193.

{¶22} From the trial court's April 12, 2013 judgment entry, it is clear although the trial court acknowledged the guardian's report, the decision was not based upon the lack of a case plan or interview of appellant:

9. Although Dennis Oral Slaven and Kitty Slaven have both expressed desire to regain custody of their children, the underlying concerns that caused the children to be placed outside of the parent's home remain.

Dennis Oral Slaven was found guilty of six (6) counts of rape and three (3) counts of gross sexual imposition of an older sibling of the children. Mr. Salven (sic) was sentenced on July 30, 2012 to fifty-eight

(58) years in prison.  The Court is aware of Mr. Slaven's pending appeal of his conviction and sentence.  However, the Court cannot make decisions in the best interest of the children based on what might happen in Mr. Slaven's appeal.  The Court finds that the children cannot be placed with their father within one (1) year.

{¶23}  Upon review, we find appellant was afforded a fair hearing.

{¶24}  Assignments of Error V and VI are denied.

{¶25}  The judgment of the Court of Common Pleas of Delaware County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

_____
Hon. Sheila G. Farmer

_____
Hon. William B. Hoffman

_____
Hon. John W. Wise

SGF/sg 8/19

[Cite as *In re A.S.*, 2013-Ohio-4019.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| | : | |
| A.S., V.S. and Z.S. | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| | : | |
| | : | CASE NO. 13 CAF 05 0041 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, Juvenile Division is affirmed. Costs to appellant.

_____
Hon. Sheila G. Farmer

_____
Hon. William B. Hoffman

_____
Hon. John W. Wise